65   606
17ap244

IN THE MATTER OF THE ELECTION OF DIRECTORS OF THE
GERMICIDE COMPANY OF NEW YORK.

*Corporations — a proxy cannot be coupled with an interest and made irrevocable — it is revocable at pleasure by statute.*

Albert L. Cohn, being indebted to Rosina Feuchtwanger, entered into an agreement with her whereby, among other things, he agreed to execute irrevocable proxies upon certain stock (pledged as a collateral to the indebtedness) to the attorney of Rosina Feuchtwanger, Myer S. Isaacs, or to such other attorney as she or her legal representatives might at any time designate, to be used by Isaacs

and his successors only in the event of the failure of Cohn to carry out the provisions of the agreement.

Pursuant to this agreement Cohn executed proxies to Isaacs and afterwards failed to perform his agreement.

Subsequently, in April, 1892, Isaacs appointed Adolph A. Sanger his proxy by substitution, to vote upon the stock. Sanger, at an election of directors of the corporation, offered to vote upon the pledged stock, but Cohn undertook to revoke the proxy given by him to Isaacs and voted against the candidates approved by Sanger, who were thereby defeated, the inspectors having refused to accept the vote of Sanger.

Upon appeal from an order denying a motion made by Albert H. Leyton, a stockholder, to set aside the election, it was

*Held*, that the decision of the inspectors of the election was correct.

That, as it was provided, by section 54 of chapter 564 of the Laws of 1890, that no stockholder in a corporation should sell his vote or issue a proxy to vote upon any stock or bond for any sum of money or anything of value, a stockholder was now expressly prohibited from issuing a proxy, coupled with an interest, and, therefore, irrevocable.

That, as the section cited also provided that every proxy should be revocable at the pleasure of the person executing it, parties could not by agreement create an irrevocable proxy, and thus repeal an act of the legislature.

APPEAL by Albert H. Leyton, a stockholder in the Germicide Company of New York, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 13th day of June, 1892, denying his application to have an election of the directors of the company set aside and that a new election be ordered; and also from a judgment of said court, entered in said clerk's office on the 17th day of June, 1892, in favor of Albert H. Cohn and against said Leyton, for costs.

This was an application made, under section 15 of the general corporation act (chap. 564 of 1890), by Albert H. Leyton, a stockholder, to have an election of the directors of the Germicide Company, a manufacturing corporation, held April 28, 1892, set aside and a new election ordered.

It appeared that Adolph L. Cohn was indebted to Rosina Feuchtwanger, and had pledged to her, as collateral security for the debt, stock which stood in his name on the books of the Germicide Company, and that these parties entered into a written agreement relative to the payment of the debt and as to the giving of proxies upon the pledged stock. The agreement described Myer S. Isaacs as attorney for Rosina Feuchtwanger, and contained this clause: "The said party

of the first part agrees to deliver to said Myer S. Isaacs irrevocable proxies for voting upon all stock in the Germicide Company standing in the name of said party of the first part on the books of said company on the first day of August, 1891, said proxies to be used by the said Myer S. Isaacs, or by his successors, only in the event of the failure on the part of said party of the first part to faithfully carry out the provisions of this agreement, or any provisions thereof."

It was claimed that Cohn, who had in August, 1891, executed to Isaacs the proxies contemplated by the written agreement, did not make the payments as he had promised by the written agreement.

On April 26, 1892, Isaacs appointed Adolph L. Sanger his proxy by substitution to vote at an election of directors of the corporation held April 28, 1892, at which election Cohn appeared in person and insisted upon his right to revoke the said proxies, and the inspectors received his vote, which was against the candidates approved by Sanger, and prevented their election, and refused to allow Sanger to vote upon the proxies.

*A. L. Sanger*, for the appellant.

*J. W. Boothby*, for the respondent.

Van Brunt, P. J.:

One Cohn, being indebted to one Feuchtwanger, had pledged, as collateral security for the payment of the indebtedness, certain stock of the Germicide Company standing in his name, and delivered, as additional security, to one Isaacs an irrevocable proxy for voting upon said stock, said proxy to be used by said Isaacs or by his successors. Isaacs duly appointed one Sanger as his successor and substitute; and as such substitute, at the annual meeting of the company, said Sanger offered to vote upon the stock which had been pledged to Feuchtwanger and which was standing in the books of the company in the name of said Cohn; and if his vote had been accepted the candidates for which Sanger offered to vote would have been elected at said election. Cohn undertook to revoke the power which had been executed by him to Isaacs. The inspectors thereupon refused the vote offered by Sanger and accepted the vote offered by Cohn, Sanger protesting against their receipt. This motion was thereupon made to set aside the election and, the same

having been denied, from the order thereupon entered this appeal is taken.

It is urged that the proxy given by Cohn to Isaacs was irrevocable, because such proxy was coupled with an interest and was given for a valuable consideration, and it is attempted to liken the proxy to a power of attorney, which, when coupled with an interest, is irrevocable. But the difficulty with the position of the appellant is that section 54 of chapter 564 of the Laws of 1890 (which was an act in relation to corporations), expressly provides that no stockholder shall sell his vote or issue a proxy to vote upon any stock or bond for any sum of money or anything of value. Therefore, the act has expressly prohibited parties from issuing a proxy coupled with an interest.

But, if this was not a sufficient answer to the application, another provision of the same act provides that every proxy shall be revocable at the pleasure of the person executing it. It is the policy of the law that proxies shall not be made irrevocable, and in order to voice that policy in the strongest and most unmistakable language the legislature have expressly provided that stockholders in corporations shall not issue a proxy coupled with an interest; and further than that, that every proxy issued by a stockholder shall be revocable. Parties cannot by agreement repeal acts of the legislature. It might just as well be said that the usury laws could be repealed by parties entering into an agreement that seven per cent should be paid upon a loan and that the debtor would not plead usury.

The order should be affirmed, with ten dollars costs and disbursements.

O'Brien, J., concurred.

Order affirmed, with ten dollars costs and disbursements.