PATTISON v. CUSACK et al.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

1. WILLS (§ 634*)—CONSTRUCTION—NATURE OF ESTATE CREATED.

Where a will devised a portion of the testator's property to trustees for the use of the testator's daughter, fee to vest in the survivor of his wife or daughter on the death of either, the trustees take only a life estate thereunder, and the widow and daughter each a contingent remainder, which would vest immediately in the survivor on the death of the shortest liver.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

2. TRUSTS (§ 249*)—STATUTORY PROVISIONS—CAPACITY OF PARTIES.

Under Code Civ. Proc. § 1538, which provides who may bring an action for partition, a trustee holding a life estate by a will, which provides for the termination of the trust on the death of either the widow or daughter of the testator and for the vesting of an absolute title in the survivor, does not come within the provisions of the statute and is not entitled to bring an action to partition the trust estate.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 249.*]

3. PARTITION (§ 21*)—RIGHTS OF ACTION—TRUSTEE UNDER WILL.

Although a will gives trustees provided therein a right to sell the property devised in trust with the consent of the contingent remaindermen, where one of such remaindermen objects to such sale, a trustee, substituted by the court for one of those selected by the testator, has no right to make a sale and cannot therefore accomplish the same result indirectly by an action in partition.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 21.*]

Appeal from Trial Term.

Action by George B. Pattison, trustee under the will of James W. Cusack, deceased, against Kittie Akin Cusack, individually and as trustee under the same will, and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS, and HOUGHTON, JJ.

Shaw, Bailey & Murphy, for appellant Cusack.
Abbott H. Jones, for appellant trustee.
Peck & Behan, for respondent Pattison.
John T. Norton, for respondent Ella F. Cusack.

BETTS, J. James W. Cusack owned the premises involved in this action. He died testate. His will, so far as is important here, was as follows:

"Fifth. I give, devise and bequeath one-third of all the rest, residue and remainder of my property, both real and personal, to my beloved wife Kittie

Akin Cusack absolutely, which shall be received and accepted by her in lieu of all dower which she may have in the real property of which I may die seised.

"Sixth. I give, devise and bequeath all of the rest, residue and remainder of my property, both real and personal, to my executors hereinafter named in trust, however, to invest the same and pay over the income arising therefrom to my daughter Ella F. Cusack, during her lifetime and during the lifetime of my said wife, and in case my said wife shall not survive my said daughter, then, and immediately upon my said wife's death, my said executors shall pay and turn over to my said daughter all of said rest and residue, together with the accumulations of interest then on hand; and in case my wife shall survive my said daughter, then, and immediately upon my said daughter's death, my said executors shall pay and turn over to my said wife all the rest and residue of my said property, together with the accumulations of interest then on hand.  *  *  *

"Eighth. I nominate, constitute and appoint my friends John P. Townsend of New York City, N. Y., and Charles Cleminshaw of the city of Troy, N. Y., executors, and my said wife Kittie Akin Cusack, executrix, of this my last will and testament, empowering them to sell any or all of my real estate at such time or times as they shall deem it for the best interests of my estate and with the consent of my said wife and daughter."

The executor, John P. Townsend, died some time subsequent to assuming his duties, and Charles Cleminshaw resigned in 1909, and the plaintiff was appointed as a substituted trustee in place and stead of said Charles Cleminshaw and qualified and entered upon the discharge of his duties.

The heirs at law and next of kin of James W. Cusack were Kittie Akin Cusack, his widow and second wife, and Ella F. Cusack, a daughter by his first wife.

The court has found in its findings of fact the rights, shares, and interests of the parties in the real property described in the complaint as follows:

" (6) The rights, shares, and interests of the plaintiff and the defendants in and to the real estate and property hereinbefore described and described in the complaint in this action are as follows, to wit: The said defendant, Kittie Akin Cusack, individually is seised in fee and entitled of and to an undivided one-third part of said real estate. The plaintiff and the defendant, Kittie Akin Cusack, as trustees as aforesaid, are seised of and vested with the legal estate, subject to the execution of the trust created in and by the last will and testament of James W. Cusack, deceased, of, in, and to an undivided two-thirds part of said real estate."

And as conclusions of law:

" (1) The plaintiff and the defendant, Kittie Akin Cusack, as trustees of and under the last will and testament of James W. Cusack, deceased, are seised, vested with, and in possession of all the real estate devised in trust to the trustees named in said last will and testament. The defendant, Kittie Akin Cusack, individually is seised in fee simple absolute and in possession of the undivided one-third of the said real estate. The plaintiff and the defendant, Kittie Akin Cusack, as trustees of and under the last will and testament of James W. Cusack, deceased, are seised of and vested with the legal estate, subject to the execution of the trust created in and by said last will and testament, of, in, and to an undivided two-thirds part of the real estate of which the testator died seised and are in possession thereof."

The judgment appealed from follows these findings. Thus the judgment proceeds on the theory that Ella F. Cusack has no interest whatever in this real estate.

[1] It is difficult to understand how the shares and interests of the parties to the action can thus be found from the will under which all parties claim and derive their title as to the undivided two-thirds thereof, or how in any event this action can be maintained by this plaintiff. It would seem plain enough that, as to the undivided two-thirds, Kittie Akin Cusack and plaintiff as trustees had a life estate in the said undivided two-thirds thereof which would continue only during the lifetime of the shortest liver of Kittie Akin Cusack or Ella F. Cusack, and that Kittie Akin Cusack and Ella F. Cusack had a contingent remainder therein which would immediately vest in possession in the survivor on the death of the shortest liver of them. Matter of Cramer, 170 N. Y. 271, 63 N. E. 279, and cases cited; Freeborn v. Wagner, 2 Abb. Dec. 175; section 40, Real Property Law. Nor could Ella F. Cusack maintain partition. Garvey v. Union Trust Company, 29 App. Div. 513, 52 N. Y. Supp. 260. Immediately upon the death of Kittie Akin Cusack or Ella F. Cusack the absolute title to the undivided two-thirds interest goes to the survivor of them by the plain terms of the will.

[2] The Code of Civil Procedure prescribes who may maintain an action of partition. Sections 1532, 1533, et seq. The plaintiff does not answer to the description of any person or interest therein described. Section 1538 prescribes who may be plaintiff in an action of partition. This plaintiff and his interest does not come within the provisions of that section.

[3] James W. Cusack desired to and did leave his property to his wife and daughter and did this, by giving one-third absolutely to his wife in lieu of her dower, and then so provided that the remainder of his real estate could be sold by his trustees only upon his wife and daughter consenting to such sale. The widow has not consented to, but is protesting and objecting against, such sale.

By this action a trustee who has been substituted by the court for one of those selected by the testator and in opposition to the testator's wife is seeking to and has accomplished thus far by the forms of law in doing that which the will directly forbids being done.

The plaintiff has no interest that he can alienate acting alone, and he cannot in my opinion indirectly do that, through an action of partition which he could not do otherwise.

The result, if this action should be continued, would be to place a large expense upon the estate which would seem to be unwarranted. No sufficient reason is shown therefor. If the trustees cannot agree in the management of the estate, this is not the proper action to establish that fact in or to seek redress for such disagreement.

I think that the case should be reversed upon the law and the facts, and a new trial granted, with one bill of costs to the defendant Kittie Akin Cusack individually and as trustee, against the plaintiff Pattison personally, to abide the event of the action. All concur.