UNGRICH v. BALL et al.

(Supreme Court, Appellate Division, First Department. October 11, 1912.)

1. WILLS (§ 698*)—ACTION TO CONSTRUE—JURISDICTION.

An executor, to obtain an accounting in the Supreme Court, must set forth the special facts and circumstances showing that complete justice cannot be had in the Surrogate's Court: and where the Supreme Court, in an action for that purpose, construed a will, the executor may not

again sue in the Supreme Court for a construction of the same will, in the absence of anything to show that his accounts cannot be settled in the Surrogate's Court, or that full relief cannot there be given him.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1670; Dec. Dig. § 698.*]

2. WILLS (§ 705*)—JUDGMENT CONSTRUING WILL—EFFECT.

Where a judgment of the Supreme Court, construing a will in an action brought for that purpose, directed the executor to reduce the estate to cash and deduct therefrom the costs of administration, divide the balance into two equal parts, and deduct from one of the parts a specified sum, and after such deduction pay over the residue of such part to a beneficiary named, the judgment sufficiently directed the executor, and he could not again sue in the Supreme Court for a construction of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1682; Dec. Dig. § 705.*]

Appeal from Special Term, New York County.

Action by Louis Kossuth Ungrich, as sole surviving executor of Jacob Schwarz, deceased, against Lizzie L. Ball, individually and as executrix, and others. From a portion of a judgment entered on a decision after trial at Special Term, defendant named appeals. Reversed and rendered.

Argued before INGRAHAM, P. J., and SCOTT, McLAUGHLIN, MILLER, and DOWLING, JJ.

L. E. Warren, of New York City, for appellant.
Edward W. S. Johnston, of New York City, for respondent.

McLAUGHLIN, J. On the 25th of October, 1896, Jacob Schwarz died, leaving a will which was admitted to probate and letters testamentary issued to the executors therein named, of whom the plaintiff is the sole survivor. By the second clause of his will he gave, during the life of his widow, to his daughter Lizzie, the appellant, "all the rents and income of the houses owned by" him, situate on the northwest corner of East 112th street and Third avenue, New York City; and upon the death of the widow he gave said houses to the daughter absolutely. By the third clause of his will he gave to his widow all the rents, income, and interest of all the residue of his estate, both real and personal, during her life, and upon her death he gave one-half of "said real and personal" estate to his daughter Lizzie, less one-half of the value of the premises given to her in the second clause of his will; it being his intention, as expressed in the third clause, that, including the premises given to Lizzie by the second clause, she should receive "only an equal half part of my estate."

The widow died February 21, 1907, leaving a will, of which the appellant was sole executrix. There came into her hands, as such executrix, personal property belonging to her father's estate amounting to $31,358.78, $20,000 of which she paid over to the plaintiff, and the balance in a proceeding in Surrogate's Court she was directed to pay or account for, with interest at such rate as might be mutually agreed upon between her and the executors.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Shortly after the death of the widow the plaintiff brought an action in the Supreme Court to construe the will of the testator and ascertain when the value of the real estate, given in the second clause of the will to the daughter, was to be fixed. The result of the action was a judgment directing the executor to convert the property of the testator into money, and, having done so, "to divide the aggregate amount of such proceeds * * * into two equal parts, and to deduct from one of such parts the sum of $60,-000, being one-half of the value at the time of the death of the said Eliza Schwarz * * * of the premises so situate on the northwest corner of 112th street, * * * and to pay over the residue of that half to the defendant. * * *"

The property of the testator having been sold, the plaintiff brought this action to further construe the will, as well as the prior judgment, in so far as it was necessary to determine whether the appellant were liable to pay interest from the date of her mother's death on $60,000, one-half the value of the place given to her, and for a settlement of his accounts. The court did not specifically pass upon the question whether said sum drew interest, but in effect charged her with the same by not permitting her to share, except to a small extent, in the rents, issues, and profits of the estate. By so doing it found she was not entitled to receive anything, but instead had been paid $14,581.60 more than she was entitled to receive. Judgment was directed in favor of the plaintiff against her personally for that amount, and she appeals.

[1] I am of the opinion that this action ought never to have been brought. The facts are not complicated, nor are there any intricate questions of law presented which justified the plaintiff in bringing an action in the Supreme Court, unless it be for the costs that might be awarded him. A settlement could have been had in the Surrogate's Court with very little expense. As has been stated many times, an executor, in order to obtain an accounting in the Supreme Court, must set forth special facts and circumstances showing that complete justice cannot be had in the Surrogate's Court. Matter of Smith, 120 App. Div. 199, 105 N. Y. Supp. 223, and authorities there cited. Not a single fact is stated showing, or tending to show, that the plaintiff's accounts could not have been settled in the Surrogate's Court, or that full and adequate relief of every description could not have there been given him. It is, to say the least, a novel proposition that successive actions can be brought in the Supreme Court to construe the same will, or that, when a construction has once been had in that court, another action can be brought to construe the judgment. If such practice were permitted, it is not difficult to imagine that a whole estate, no matter how large, might be entirely exhausted by the payment of costs and attorney's and counsel fees.

[2] The judgment in the former action construed the will and told the plaintiff how to divide the estate. The language used is unambiguous. It cannot be misunderstood, and all that was left, after that judgment was entered, in order to carry it out, the estate

having been reduced to cash, was a mere matter of computation. The executor was directed, after deducting costs, expenses, commissions, etc., of administering the estate, to divide the balance of the proceeds into two equal parts, and then to take from one of the parts $60,000, and after such deduction to pay over the residue to the appellant. This ought to have been done without difficulty, and, had such course been followed, the appellant would still have had several thousand dollars coming to her, instead of having a judgment rendered against her for upwards of $14,000.

The facts are undisputed. The real estate of the testator, other than that specifically given to the appellant, was—

| | |
|---|---:|
| Sold by the plaintiff for | $313,450 00 |
| The personal estate of the testator was | 31,358 78 |
| The rents collected were | 73,130 28 |
| Interest on deposits of rent and on $20,000 paid by the appellant | 3,563 06 |
| Interest on $11,358.78, the amount of the personal estate held by the appellant at 3½ per cent., as per agreement | 1,882 87 |
| Total | $423,384 99 |
| From which is to be deducted expenses of administration, including costs, commissions, etc | 46,602 29 |
| Leaving for distribution | $376,782 70 |
| One-half of which is | $188,391 35 |

From which is to be deducted:

| | | |
|---|---:|---:|
| One-half the value of the real estate specifically given to the appellant | $ 60,000 00 | |
| Price of real estate purchased by her | 104,050 00 | |
| Amount of testator's personal estate in her hands, with interest thereon at 3½ per cent. as per agreement | 13,241 65 | |
| Advanced to her by executors | 5,000 00 | |
| Making in all | | $182,291 65 |
| Which leaves as the amount which she is entitled to receive from the estate | | $ 6,099 70 |

The judgment appealed from, therefore, is reversed, and, inasmuch as there is no dispute as to the facts, the accounts should be settled as stated in this opinion, and judgment entered directing the plaintiff to pay to the appellant the sum of $6,099.70, together with the costs of this action, which are awarded against the plaintiff personally. All concur.