(158 App. Div. 828.)

## MOORE v. DE GROOTE.

(Supreme Court, Appellate Division, First Department.　November 7, 1913.)

1. WILLS (§ 704*)—CONSTRUCTION—JURISDICTION—SURROGATE'S COURT.
　　The Surrogate's Court has jurisdiction to determine, in a suit to construe a will, as to how the residuary estate should be divided between the residuary legatees.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1680, 1681; Dec. Dig. § 704.*]

2. COURTS (§ 472*)—JURISDICTION—SURROGATE'S COURT.
　　When complete relief can be obtained in the Surrogate's Court, the Supreme Court will refuse to take cognizance of an action, and, before it will assume jurisdiction, the complaint must allege facts showing that adequate relief can only be obtained in the Supreme Court.
　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 442, 451, 459, 465, 619, 1199–1202, 1204–1224, 1247–1259; Dec. Dig. § 472.*]

3. APPEARANCE (§ 8*)—INEFFECTIVE DEMURRER.
　　A demurrer to the complaint, though insufficient as a demurrer, was good as an appearance by defendant.
　　[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 23–41; Dec. Dig. § 8.*]

4. WILLS (§ 702*)—ACTION TO CONSTRUE—JUDGMENT—APPLICATION.
　　Since judgment construing a will and determining how the residuary estate should be divided could only be taken upon application to the court, defendant was entitled to be heard upon such application on the questions whether the court had jurisdiction, and, if it had, whether it should exercise it, which were raised by its demurrer to the complaint, even if the demurrer was bad as such.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1679; Dec. Dig. § 702.*]

Appeal from Special Term, New York County.

Action by Elizabeth A. Moore, individually and as executrix of Albert H. Moore, against Kittie P. De Groote, individually and as executrix of Albert H. Moore. From an order overruling a demurrer to the complaint and awarding judgment for plaintiff, defendant appeals. Reversed and motion denied, and judgment directed dismissing the complaint.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Edwin L. Kalish, of New York City, for appellant.
John M. Gardner, of New York City, for respondent.

SCOTT, J.　The controversy is between the two executrices of the last will and testament of Albert H. Moore, deceased, and the complaint is addressed to the equitable side of the court, asking a construction of said will. The plaintiff and defendant, besides being co-executrices, are colegatees of the residuary estate. The will contains no trust provisions and relates only to personal property.

[1] The question which perplexes the plaintiff is as to how the residuary estate should be divided, when the time for division arrives,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

between the two residuary legatees—a question well within the competency of the Surrogate's Court to determine and which should be left to the determination of that tribunal.

[2] The rule is of quite general application that, when complete relief can be obtained in the Surrogate's Court, the Supreme Court will refuse to take cognizance of an action, and that, before it will do so, facts must be set out in the complaint sufficient to show that adequate relief cannot be obtained except in the Supreme Court. Pyle v. Pyle, 137 App. Div. 571, 122 N. Y. Supp. 256. No such facts are alleged in the present complaint.

[3, 4] The demurrer was to the jurisdiction of the court, as well as that the complaint stated no facts sufficient to constitute a cause of action, and it is urged that this demurrer is bad because the Supreme Court has jurisdiction of the action if it sees fit to exercise it. This may be true, but the pleading, if insufficient as a demurrer, was good as an appearance, and the case was one in which judgment could not be taken except upon application to the court, and upon that application the defendant was entitled to be heard, and to argue either that the court had no jurisdiction or, if it had, that it should not exercise it. For the reasons above stated the plaintiff's application for judgment should have been denied.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, and judgment directed for the defendant dismissing the complaint, with costs. All concur.