In the Matter of the Application of EMELIA A. SAUER and Others for an Order Directing a Payment to Each of Them Out of the Distributive Share of the Income of the Estate of JACOB APPELL, Deceased.

AMANDA APPELL EVANS (Formerly AMANDA APPELL), as Executrix, etc., of JACOB APPELL, Deceased, Appellant; EMELIA A. SAUER and Others, Respondents. (No. 3.)

First Department, January 13, 1922.

Wills — trusts — petition by children of testator under Code of Civil Procedure, §§ 2689 or 2687, for distribution to them of portion of estate denied where they are not entitled thereto by terms of will and it has not been judicially determined that they are entitled thereto — proper procedure is for executors to make final accounting and therein ask for construction of will.

A petition by children of a testator under section 2689 or section 2687 of the Code of Civil Procedure for a distribution to them of a portion of the estate cannot be allowed, where they are not entitled thereto "by the terms of the will" within the meaning of section 2689, and it has not been determined that they are entitled to the "distributive share of an estate" within the meaning of section 2687, although in an action by one of the heirs of the estate to partition the realty on the ground that the trust provisions in the will were void, it was determined that one of the trusts was valid and that while the other was void it could be separated so that the entire trust was not destroyed and the complaint was dismissed, as all that was adjudicated in the action was that the testator did not die intestate as to his real estate.

It seems, that the proper procedure is for the executors to make their final accounting and in that proceeding ask for a construction of the will. The decree entered therein may direct a disposition of any income accumulated under a void provision of the will and provide for the valid trusts.

APPEAL by Amanda Appell Evans, as executrix, from an order of the Surrogate's Court of the county of New York, entered in the office of the clerk of said Surrogate's Court on the 7th day of August, 1920, directing a distribution of a surplus income of the estate of Jacob Appell, deceased, and also from an order .entered in said clerk's office on the 22d day of April, 1918, appointing a referee to take evidence and report.

*Gustav Lange, Jr.*, for the appellant.

*Albert J. Appell*, attorney in person [*Francis M. Scott* of counsel; *Charles A. Flammer* with him on the brief], for the respondent Albert J. Appell.

*Blauvelt & Warren* [*George A. Blauvelt* of counsel; *Joseph A. Warren* with him on the brief], for the respondents Anna T. Appell and Matilda Appell.

PAGE, J.:

While the proceedings for an accounting and to remove one of the executors (See *Matter of Appell, Nos. 1, 2,* 199 App. Div. 574, 580), and an action by the widow for an admeasurement of her dower, were pending and undetermined, four of the children of Jacob Appell instituted this proceeding, which was referred to the same referee to whom the other proceeding had been referred, and such proceedings were had that an order for distribution of a certain amount was directed to be made to the four petitioners.

The petitioners claim that they were entitled to maintain this proceeding by virtue of section 2689 or section 2687 of the Code of Civil Procedure.

Section 2689 is entitled, " Petition to compel payment of legacy or delivery of property, etc., by a testamentary trustee," and provides: " Where a person is entitled, by the terms of the will, to the payment of money, or the delivery of personal property, by a testamentary trustee, he may present to the Surrogate's Court a petition    *    *    *."

These petitioners are not entitled by the terms of the will to the payment of the money that they asked to have distributed. Their claim is based upon the theory that one of the purposes for which the testator erected the trust was

void, as it directed the accumulation of income for the purpose of paying off mortgages on his real estate, and that they, as the takers of the next eventual estate, are entitled to such accumulated income.  They allege that it has been decided by the Special Term of the Supreme Court, the Appellate Division and the Court of Appeals that the clause of the will creating such trust was void.  This, however, is not the fact.  There has been no action or proceeding to have the will construed.  An action was brought by Albert J. Appell for a partition of the real estate on the ground that the entire provision of the will providing for the trust was void, and, therefore, the testator was to be deemed to have died intestate. In that action it was determined that one of the trusts was valid, and that, while the other was void, it could be segregated and did not destroy the entire trust; and this complaint was dismissed.  (*Appell* v. *Appell*, 177 App. Div. 570; affd., 221 N. Y. 602.)  All that was adjudicated was that Jacob Appell did not die intestate as to his real estate.  All the necessary parties were not before the court for a judicial construction of the will, nor was it determined, if the provision of the will was void, what disposition should be made of the accumulated income.  Therefore, it has never been determined that the petitioners were entitled to the " distributive share of an estate."  Nor was that question determined in this proceeding. Therefore, section 2687 of the Code of Civil Procedure does not apply.  The account of the executors was only brought down to December 6, 1917.  The proper procedure is for the executor and executrix to make their final accounting and in the proceeding ask for a construction of the will.  The decree to be entered therein may direct a disposition of any income accumulated under a void provision of the will, and direct the corpus of the estate necessary to support the valid trusts created by the will to be turned over to the trustees.

The decree will be reversed, with costs to the appellant against the petitioners, and the petition dismissed.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Decree reversed, with costs against petitioners, and the petition dismissed.  Settle order on notice.