EDWARD TRACY, as Trustee in Bankruptcy for T. FRANK BURKE, Bankrupt, Plaintiff, *v.* JULIA COYLE and MARY O'BRIEN, Individually and as Executors, etc., of CHARLES M. COYLE, Deceased, and Others, Defendants.

Supreme Court, Ontario County, October, 1923.

**Wills — action in Supreme Court to construe — when complaint dismissed — Surrogate's Court proper tribunal — trustee in bankruptcy — rights of bankrupt.**

It is only in especial and exceptional cases that a court of equity will assume a jurisdiction more properly belonging to the surrogate, and then only when the complaint alleges facts showing that full relief cannot be otherwise obtained.

A testator who died in 1910 gave the " use, possession, enjoyment and control " of his residuary estate, which consisted almost entirely of real property, to his sisters and the survivor of them during their lives with gift over, upon the death of the surviving sister, to such of his nephews and nieces as were living at his death " share and share alike absolutely and forever " with direction that upon the death of testator's surviving sister, his executor, if living, sell and convert the entire estate into money for the payment of legacies and distribution among said nephews and nieces. In the event that the executor shall not then be living the administrator with the will annexed is authorized and empowered to make a similar conversion and distribution. After the death of testator and prior to the adjudication of one of his nephews as a bankrupt in 1920, another nephew who was living at the time of the death of testator died intestate leaving as his only heirs at law and next of kin brothers and sisters including the bankrupt. In an action brought by the trustee of the bankrupt nephew, at the direction of the referee in bankruptcy for the construction of the will and for a determination as to whether at the death of the surviving sister of the testator his estate should be distributed into as many shares as there were nephews and nieces living at the death of the testator or only among the described nephews and nieces living at the death of the last surviving sister of testator, the complaint alleged that before plaintiff could complete his duties and make a final accounting as trustee in bankruptcy it was necessary that the interest of the bankrupt in his uncle's estate be determined and adjudicated by a court of competent jurisdiction and if it be an interest which passed to plaintiff as one of the assets of the bankrupt that it be sold and converted into cash as provided by law. *Held,* that the facts alleged presented nothing outside of the power of the surrogate to determine and that defendants' motion to dismiss the complaint will be granted and judgment directed accordingly with one bill of costs to each group of defendants appearing by separate attorneys.

Whatever may have been the interest of the bankrupt in his uncle's estate, it passed to the trustee in bankruptcy who could sell and transfer the same without need of construction of the will by any court.

ACTION to construe a will.

*Horace W. Fitch,* for plaintiff.

*Hamlin & Hamlin* and *Myron D. Short,* for defendants.

SAWYER, J.    Charles M. Coyle died in December, 1910, leaving him surviving two sisters, Julia Coyle and Mary O'Brien, and twelve nephews and nieces of whom the defendant T. Frank Burke is one.

By his last will and testament he gave the " use, possession, enjoyment and control " of his residuary estate, which consisted almost entirely of real property, to his sisters, and the survivor of them, during their life and the life of the survivor and, upon the death of the survivor, devised and bequeathed the same to his nephews and nieces living at the time of his death, " share and share alike absolutely and forever."    He further directed that at and upon the death of the surviving sister his executor, if living, sell and convert all his real estate and personal property into money for the purpose of paying the legacies and distribute the same to and among such nephews and nieces and further provided that, in the event the executor of the will should not then be living, the administrator with the will annexed should be authorized and empowered to make a similar conversion and distribution.

In May, 1920, defendant T. Frank Burke was adjudicated a bankrupt and plaintiff was thereafter appointed as a trustee of his estate, duly qualified and is acting as such.    After the death of Mr. Coyle and prior to such adjudication in bankruptcy, Charles P. Burke, who was a nephew of Mr. Coyle and living at the time of his death, died intestate leaving as his only heirs at law and next of kin certain of the defendants who were his brothers and sisters, including defendant T. Frank Burke.

This action is brought at the direction of the referee in the bankruptcy proceedings for a construction of the will of Mr. Coyle, to the end that it may be definitely determined whether, subject to the life uses, the estate vested in his nephews and nieces living at his death, as tenants in common or as joint tenants; in other words, whether at the death of the surviving sister the estate is to be distributed into as many shares as there were nephews and nieces living at the death of Mr. Coyle or only between the described nephews and nieces who shall remain living at and upon her death.

The interest of the bankrupt in his uncle's estate, whether vested

absolutely or only expectant and subject to defeat by the contingency of his death before that of the surviving life tenant, beyond question passed to his trustee in bankruptcy (*Clowe v. Seavey*, 208 N. Y. 496) and must be turned into cash by plaintiff for the benefit of the creditors. The only object of bringing the action at this time is, confessedly, for the effect which its outcome may have upon the amount to be obtained for that interest, it being, with reason, believed that a prospective purchaser would pay more liberally for an absolutely vested interest than for one subject to defeat by a future contingency. Differently stated, the Supreme Court of the state of New York is being called upon to aid the Federal District Court in obtaining an enhanced price for the assets of a bankrupt in its charge for liquidation. Desirable as this mutuality of effort may be, there is no statute directly authorizing it, and in consequence the action must be disposed of precisely as if brought by the bankrupt himself.

As has been seen, the general scheme of the will calls for a turning of the entire property into money after the death of the life tenants, which under the law operates as a conversion into personalty from the death of the testator. *Lent* v. *Howard*, 89 N. Y. 169.

The action is apparently based on the permissive provision of section 205 of the Decedent Estate Law (formerly Code Civ. Pro. § 1866) which is limited to cases involving testamentary disposition of real property. While the original jurisdiction of this court may remain, it has since 1914 been the established policy of this state to construe testamentary dispositions of personalty in the Surrogates' Courts, which are likewise given jurisdiction, concurrently with the Supreme Court, to dispose of similar questions involving real estate (Code Civ. Pro. § 2615; Surr. Ct. Act, § 145), and it is only in especial and exceptional cases that courts of equity will now interfere or assume to exercise a jurisdiction more properly belonging to the surrogates, and then only when the complaint sets out facts showing that full relief cannot be otherwise obtained. *Anderson* v. *Anderson*, 112 N. Y. 104; *Pyle* v. *Pyle*, 137 App. Div. 568; *Moore* v. *DeGroote*, 158 id. 828; *United States Trust Co.* v. *Hayes*, 69 N. Y. L. J. 1170.

This complaint contains nothing from which it may be inferred that full relief cannot be had in the Surrogate's Court. Its allegation is that before plaintiff can complete his duties and make a final accounting as trustee it is necessary that the interest of the bankrupt in the estate be determined and adjudicated by a court of competent jurisdiction and, if it be an interest which passed to plaintiff as one of the assets, that it be sold and con-

verted into cash as provided by law. It does not seem that these are such facts as are required by the holding in *Pyle* v. *Pyle, supra,* and *Moore* v. *DeGroote, supra,* for they present nothing outside the power of the surrogate to determine.

As has been before stated, the interest of the bankrupt, whatever it may have been, passed to plaintiff and can be by him sold and transferred to his purchaser without need of construction by this or any other court. The whole matter comes down to the proposition that a construction adjudicating the interest under his uncle's estate to have been vested in Mr. Burke absolutely as a tenant in common will work to the financial betterment of his creditors.

What might happen in case he was held to be a joint tenant instead of a tenant in common plaintiff does not say, but assuming that the desired construction is legally correct the incidental benefits hoped from it are not only insufficient to induce this court to assume jurisdiction but involve no right to a present construction of the will by either the Surrogate's Court or a court of equity. *Matter of Erickson,* 113 Misc. Rep. 10–18; *Farmers Loan & Trust Co.* v. *Markoe,* 69 N. Y. L. J. 1112. The case last cited was an action brought in the Supreme Court for the judicial settlement of an intermediate account of a testamentary trustee. A construction of the will as to the ultimate disposition of the corpus of the trust fund after the death of the beneficiary was sought. In writing upon the subject, Mr. Justice Tierney pertinently remarks: " There is to be no present distribution of the corpus, and the question of construction should be reserved until it becomes necessary to be determined for direction to the trustee. (In this case executor.) This should be done when the death of the beneficiary shall determine who are ultimately interested in the question, and the parties thus defined will be in position to urge their claims in accordance with the situation that will then be presented."

From what has been said it will be seen that even if it should be held that a demand at this time for a construction of the will of Mr. Coyle is not premature, no sufficient reason for us to interfere with the Surrogate's Court, which has full jurisdiction of the matter, is shown. Should it be held that the doctrine of *Lent* v. *Howard, supra,* is not applicable and no immediate conversion of the real property of Mr. Coyle into personalty has been had, the foregoing observations are nevertheless pertinent. The Surrogate's Court is given control of the distribution of estates and full authority to construe for that purpose wills disposing of real

property or personalty, or both, and no interference with that power will be countenanced except where necessary to protect the legal rights of the parties interested.

Defendants' motion to dismiss, ruling upon which was reserved, is granted, with one bill of costs to each group of defendants appearing by separate attorneys.

Judgment accordingly.