## In the. Matter of the Estate of JACOB APPELL, Deceased.

Surrogate's Court, New York County, March 24, 1924.

Executors and administrators — proceedings to compel accounting by executor and trustee — action involving same issues pending in Supreme Court — partition of real property is involved directly with other issues — Surrogate's Court will not take jurisdiction.

The Surrogate's Court will not take jurisdiction of proceedings to compel an accounting by an executor and trustee where it appears that at the time the proceedings were instituted there was then pending in the Supreme Court an action involving the same issues and where it appears that the question of the partition of the property, which can only be decreed by the Supreme Court, .is closely connected with the questions of accounting and is incidental to a proper judgment.

PROCEEDINGS to compel an accounting.

*Albert J. Appell*, in person, for the petitioner.

*Benjamin E. Messler*, for Amanda Appell Evans, as executrix and trustee.

FOLEY, S.   This is an application by Albert J. Appell, one of the executors, trustees and remaindermen in this estate, to compel an accounting by Amanda Appell Evans, as coexecutor and trustee. The latter resists the application because of the pendency of an action brought by her in the Supreme Court, New York county, involving the same issues.   That action was begun about July 28, 1923.   Thereafter this proceeding was initiated by the filing of a petition on August 7, 1923.   It has been adjourned from time to time by the consent of the parties.   The material allegations in the complaint set forth that a trust was created in this estate and that the trust terminated on August 2, 1923.   The will of the decedent is stated in full, and judgment is demanded for a construction of the will, particularly as to the vesting of the remainders; the time of vesting; the determination of the respective shares of the various remaindermen; whether there was an equitable conversion, and if title to the real property vested in the beneficiaries, that a partition and sale be decreed.   Finally, what is most material here, an accounting is demanded of the income of the trust from December 30, 1917, the date of the last account of the trustees.   Ordinarily, the Surrogate's Court will assume jurisdiction of the accounting of the trustees and the construction of the will.   It is only in special and exceptional cases that the Supreme Court now entertains jurisdiction of such questions. *Tracy* v. *Coyle*, 121 Misc. Rep. 526.   In the language of Judge Werner in *Matter of Runk*, 200 N. Y. 447, 461, the Surrogate's Court affords a " simpler and more expeditious method of accounting " than by an action in the Supreme Court.   In addition, the specialization of the work of the Surrogate's Court is of advantage to representatives of estates and beneficiaries in expediting the final determination.   The Supreme Court has repeatedly declined, as a matter of discretion, to take jurisdiction of an action for an accounting,  " unless special facts and circumstances are alleged showing that the case is one requiring  relief of such a nature that the Surrogate's Court is not competent to grant it, or some reason assigned or facts stated, to show that complete justice cannot be done in that court."   *Sanders* v. *Soutter*, 126 N. Y. 193.   See, also, *Lawrence* v. *Littlefield*, 215 N. Y. 561, 584; *Moore* v. *De Groote*, 158 App. Div. 828.   The advantage of maintain-

ing such proceedings in the Surrogate's Court in New York county is emphasized at the present time by the burden of litigation placed upon the Supreme Court. But here the partition of the property can only be decreed by the Supreme Court. The questions of accounting and construction are so closely connected with the right to a judicial sale of the real property, and incidental to a proper judgment, that it would appear to the benefit of those interested in the estate that all the issues should be disposed of in one forum. Under these circumstances, the surrogate cannot assume jurisdiction, and the application will be denied.

Submit order accordingly.

Decreed accordingly.