WILLIAM RANDALL & SONS, INCORPORATED, and Others, Plaintiffs, *v.* HENRY J. LUCKE and Others, Defendants.

Supreme Court, Kings Special Term, April 3, 1924.

Wills — construction — bequest of corporate stock in trust for purpose of voting said shares, trustee to have no beneficial interest therein, is invalid — trustee cannot vote stock and will be enjoined from so doing.

A bequest of corporate stock to a trustee for the purpose of having said trustee vote the shares of stock at meetings of the corporation but not granting the trustee any beneficial interest in or power of disposal of said shares, which beneficial interest is bequeathed to others as trustees, is invalid and the trustee to whom the stock was bequeathed for the purpose of voting will be enjoined from voting the same at corporate meetings.

A direction in the will that the trustee should indorse the shares of stock in accordance with the terms of the trust at the termination thereof or in the event of disposal of the shares by those to whom the beneficial interest was given did not pass the beneficial interest in the stock to said trustee since by the terms of another trust the beneficial interest in the stock and the right to collect dividends thereon was transferred to other trustees.

ACTION for construction of a will.

*Gray & Tomlin (James M. Gray,* of counsel), for the plaintiff.

*Frederick A. Keck,* for the defendant Henry J. Lucke.

*Francis J. Sullivan,* guardian *ad litem,* for the defendant Jane Martin.

LEWIS, J. This is an action for the construction of a will, with particular reference to the right of the defendant Henry J. Lucke to vote the stock held by the decedent, William Randall, in William Randall & Sons, Inc., and to enjoin the said Lucke from voting any of the stock of the plaintiff corporation or exercising any control thereof.

That the Supreme Court may take cognizance of such an action where complete relief cannot be had in the Surrogate's Court seems settled by authority. *Tonnele* v. *Wetmore*, 195 N. Y. 436; *Moore* v. *De Groote*, 158 App. Div. 828; *Wallach* v. *Wallach*, 144 id. 19; *Pyle* v. *Pyle*, 137 id. 568.

The will provides (paragraph 4): " I give, devise and bequeath unto my son-in-law, Henry J. Lucke, all of my shares of stock in

William Randall & Sons, Incorporated, in trust, nevertheless for the following purpose, viz., to vote my said shares of stock in William Randall & Sons, Incorporated, at any meeting of the corporation * * * giving, authorizing and empowering the said Henry J. Lucke * * * power to vote said shares, the said Henry J. Lucke, however, *to have no beneficial interest in or power of disposal of said shares, such beneficial interest and power of disposal to be according to the terms of the trust hereinafter created, the interest of said Henry J. Lucke as trustee in said shares being specifically limited to the power to vote them only as hereinabove specifically set forth.*"

Paragraph 5: " I give, devise and bequeath unto my son, Frank Hervey Randall, and my son, Sidney Charles Randall, all the rest, residue and remainder of my estate, of which I shall die seized and possessed, real, personal and mixed, of whatever kind and nature, and wherever situate, with power of disposal of my said shares in William Randall & Sons, Incorporated, in trust, nevertheless, for the following specific purposes:

" It is my wish that my said trustees, Frank Hervey Randall and Sidney Charles Randall, shall not dispose of any of my shares of stock in William Randall & Sons, Incorporated, during the lifetime of my beloved wife, Susanna Randall, unless in their judgment it shall become absolutely necessary to do for the protection of the interests of my estate in the said business."

The wording of these provisions and the intent of the entire instrument establish that there was a power to vote unaccompanied by legal ownership or beneficial interest in the stock by the defendant, Henry J. Lucke.

The statute provides (Gen. Corp. Law, § 23): " * * * Every *stockholder* * * * shall be entitled to one vote * * *."

In *People's Trust Co.* v. *O'Meara*, 204 App. Div. 268, in the dissenting opinion by Mr. Justice Kelby, at page 279, it is stated: " The right to vote follows the legal ownership, and the corporation has nothing to do with the equities between the owner and third persons." Citing authorities. Also Stock Corp. Law, § 47; *Lord* v. *Equitable Life Assur. Society*, 194 N. Y. 212.

The legislature has permitted voting in three ways only by those other than stockholders: (1) By fiduciaries, under section 48 of the Stock Corporation Law; (2) by voting trust agreements, under section 50; and (3) by proxies, under section 26 of the General Corporation Law. While none of these sections can be of aid to the defendant Lucke, they do emphasize the policy of the law that the right to vote follows legal ownership. The right to vote stock is an essential attribute of the ownership of stock and may not be detracted from or amended and may not be made irrevocable by

proxy (*Matter of Germicide Co.*, 65 Hun, 606), or for a longer period than eleven months. Gen. Corp. Law, § 26. There can be no basis for upholding a power in a will disassociated from a fiduciary duty and title, as well as from the beneficial interest, and to continue for a life. In the *Germicide Case, supra,* it was held that parties cannot by agreement repeal the acts of the legislature. Likewise, legislative enactment cannot be avoided by an *ex parte* and irrevocable will. Defendant's brief does not seriously question the proposition thus stated, but maintains that Henry J. Lucke, as trustee, had the title to the stock with the right and power in trust to dispose of the stock given to Frank Hervey Randall and Sidney Charles Randall as trustees. That contention is based upon the 5th clause of the will: " * * * I direct my trustee Henry J. Lucke to endorse such shares of stock in accordance with the terms of this trust at the termination of said trust, or in the event of disposal of my shares of stock as hereinbefore provided for." Such contention is without force, for the will provides: " It is my wish that my trustees Frank Hervey Randall and Sidney Charles Randall shall not dispose of any of my shares of stock." And also: " I hereby direct my trustees * * * to collect the income from the dividends from such investments, together with the income derived from the dividends of my shares of stock in said William Randall & Sons, Incorporated." And further: " * * * and I hereby direct my said trustees last named and executors hereinafter named * * * to sell my shares of stock in said William Randall & Sons, Incorporated, * * *." The provision with reference to indorsement may have been inserted to relieve· an assignee of the stock from any question as to the sufficiency of title, but the other provisions quoted clearly indicate that it was never intended to vest any right or title in the stock in the defendant Lucke, granting him only the right to vote. This right, of course, unaccompanied with ownership, is invalid.

In view of the conclusion reached, it is unnecessary to pass upon the misconduct of the said Lucke or any other questions involved.

There must be judgment for the plaintiffs.

Findings passed upon.

Judgment accordingly.