AMANDA APPELL EVANS (Formerly AMANDA APPELL), as Executrix, etc., of JACOB APPELL, Deceased, Respondent, *v.* ALBERT J. APPELL, Individually and as Executor, etc., of JACOB APPELL, Deceased, Appellant, Impleaded with AMANDA APPELL EVANS and Others, Defendants.

First Department, November 28, 1924.

**Executors and administrators — action in Supreme Court to construe clause in will — clause was construed in part in prior action for partition — complete relief can be obtained in Surrogate's Court on final accounting — complaint dismissed.**

The complaint in an action in the Supreme Court to construe a clause in a will, relating to property devised in trust, which clause has in part at least been construed in an action for partition, will be dismissed on the ground that complete relief can be obtained in the Surrogate's Court on the final accounting of the executors, in which proceeding the construction of the will may be asked for and obtained.

APPEAL by the defendant, Albert J. Appell, individually and as executor, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of September, 1923, denying said defendant's motion to dismiss the complaint.

First Department, November, 1924.                [Vol. 211

*Albert J. Appell* [*Frank C. Laughlin* of counsel; *Joseph W. Kirkpatrick* with him on the brief], for the appellant.

*Benjamin E. Messler*, for the respondent.

MARTIN, J.:

The defendant Albert J. Appell seeks to dismiss the complaint, asserting that it does not state facts sufficient to constitute a cause of action, that the plaintiff has no legal capacity to sue, and that as to an alleged cause of action for a construction of the will of Jacob Appell, deceased, and for an accounting by his executors and trustees, the complaint fails to state facts sufficient to give the court jurisdiction of the subject-matter or to warrant the court in taking jurisdiction thereof.

During the argument of this appeal it was admitted that the sole purpose of this action is to secure a construction of the will.

The plaintiff contends that it is necessary to construe the 3d clause of the will before there may be a final disposition of the estate. That clause provides: " And upon the further Trust, when my youngest child living at the time of my death shall arrive at the age of forty-five (45) years to divide the corpus of my estate equally among all my children, share and share alike, the issue of any deceased child to take *per stirpes* and not *per capita* the share their parent would if living have been entitled to; and in the event of such distribution being made during the lifetime of my said 'wife then I direct that the sum of Three thousand (3000) dollars be paid to her by my said children yearly and each year thereafter during her natural life."

When this matter was here on a former appeal (*Appell* v. *Appell*, 177 App. Div. 570, 571), Mr. Justice SCOTT said:

" The will of Jacob Appell gave all of his property to his executor and executrix in trust to collect and receive the rents, issues and profits of the real estate (of which he held many parcels) and the income of the personal property, and out of the net revenue to pay annuities to his widow and each of his children. Next they were to create out of said net income ' a so-called sinking fund with which to pay off and discharge the mortgages and other incumbrances of or upon my real estate or to be used in the improvement of such property.'

" After all the mortgages and incumbrances had been thus paid off the trustees were directed to divide the whole of the net income between testator's widow and children.

" That the provision for the accumulation of the income and its appropriation to paying off mortgages and incumbrances is invalid is clear and is not disputed. But it is equally clear that it may

and should be cut out, as so doing will not wholly defeat the intention of the testator. (*Hascall* v. *King,* 162 N. Y. 134.) By this means the trust provision for the benefit of the widow and children will be preserved, the only effect being that the beneficiaries will be entitled to receive the whole net income from the beginning.

" A second objection urged by the appellants is that the whole trust provision is void because the term of the trust is not limited by a life or lives, but by a fixed period of time.

" The provision of the will is that the corpus of the estate shall be divided between the testator's children ' when my youngest child living at the time of my death shall arrive at the age of forty-five years.' This necessarily fixes the end of the trust term, because when the corpus is divided and distributed the trust *ipso facto* comes to an end."

The " third " clause of the will has been judicially construed, at least in part, for the decision in *Appell* v. *Appell* (*supra*) was necessarily based on a construction of part of such clause. That was an action in partition upon the theory that the 3d clause is invalid with the result that partition of real estate should be decreed. The court held that the clause was not invalid in its entirety and that the direction to hold the property in trust should be obeyed. The demurrer was sustained, it being decided that the partition suit was premature, that the plaintiff had no title to any of the real estate and had no capacity to sue.

In view of the clear statement of the opinion to the effect that upon the construction of the 3d clause of the will the action then before the court could not be maintained, the contention that no part of the will has been construed is untenable.

It is true that it was afterwards stated in *Matter of Appell, No. 3* (199 App. Div. 585, 587) that the adjudication was solely to the effect that Jacob Appell did not die intestate as to this real property. That decision required a construction of a part of the will for a determination that the real estate passed to the children of the testator at the termination of the trust.

The proper method of disposing of this entire litigation was pointed out in the opinion in *Matter of Appell, No. 3* (*supra*), where it was said: " The proper procedure is for the executor and executrix to make their final accounting and in the proceeding ask for a construction of the will. The decree to be entered therein may direct a disposition of any income accumulated under a void provision of the will."

There is no construction necessary for the purpose of determining how the real property vests and no reason for coupling with alle-

gations peculiar to a partition· action such allegations as are incorporated into a cause of action for a construction of the will. As pointed out by Mr. Justice PAGE, the Surrogate's Court is the proper · forum in which the executors may account, and, when they account, they may apply to have the will construed if they deem it advisable.

In *Moore* v. *DeGroote* (158 App. Div. 828), Mr. Justice SCOTT said: " The rule is of quite general application that when complete relief can be obtained in the Surrogate's Court, the Supreme Court will refuse to take cognizance of an action, and that before it will do so facts must be set out in the complaint sufficient to show that adequate relief cannot be obtained except in the Supreme Court."

In · *Ungrich* v. *Ball* (152 App. Div. 824) Mr. Justice McLAUGHLIN said: " I am of the opinion that this action ought never to have been brought. The facts are not complicated nor are there any intricate questions of law presented which justified the plaintiff in bringing an action in the Supreme Court, unless it be for the costs that might be awarded him. A settlement could have been had in the Surrogate's Court with very little expense. As has been stated many times, an executor, in order to obtain an accounting in the Supreme Court, must set forth special facts and circumstances showing that complete justice cannot be had in the Surrogate's Court. (*Matter of Smith,* 120 App. Div. 199, and authorities there cited.) Not a single fact is stated showing, or tending to show, that the plaintiff's accounts could not have been settled in the Surrogate's Court, or that full and adequate relief of every description could not have there been given him."

In *Tracy* v. *Coyle* (121 Misc. 526) we find the following: " The action is apparently based on the permissive provision of section 205 of the Decedent Estate Law* (formerly · Code Civ. Pro. § 1866) which is limited to cases involving testamentary disposition of real property. While the original jurisdiction of this court may remain, it has since 1914 been the established policy of this State to construe testamentary dispositions of personalty in the Surrogate's Court, which are likewise given jurisdiction, concurrently with the Supreme Court, to dispose of similar questions involving real estate (Code Civ. Pro. § 2615;† Surr. Ct. Act, § 145), and it is only in especial and exceptional cases that courts of equity will now interfere or assume to exercise a jurisdiction more properly belonging to the surrogates, and then only

---

\* Added by Laws of 1920, chap. 919.—[REP.

† Revised by Laws of 1914, chap. 443.—[REP.

when the complaint sets out facts showing that full relief cannot be otherwise obtained. *Anderson* v. *Anderson*, 112 N. Y. 104; *Pyle* v. *Pyle*, 137 App. Div. 568; *Moore* v. *DeGroote*, 158 id. 828; *United States Trust Co.* v. *Hayes*, 69 N. Y. L. J. 1170.''

The opinion in the Surrogate's Court in this matter (*Matter of Appell*, 123 Misc. 12) was evidently based upon the assumption that the action in the Supreme Court was for the partition of real estate and for that reason the Supreme Court should retain jurisdiction. The surrogate said: '' Ordinarily, the Surrogate's Court will assume jurisdiction of the accounting of the trustees and the construction of the will. It is only in special and exceptional cases that the Supreme Court now entertains jurisdiction of such questions. (*Tracy* v. *Coyle*, 121 Misc. 526.) In the language of Judge WERNER in *Matter of Runk* (200 N. Y. 447, 461) the Surrogate's Court affords a ' simpler and more expeditious method of accounting ' than by an action in the Supreme Court. In addition, the specialization of the work of the Surrogate's Court is of advantage to representatives of estates and beneficiaries in expediting the final determination. The Supreme Court has repeatedly declined, as a matter of discretion, to take jurisdiction of an action for an accounting, ' unless special facts and circumstances are alleged showing that the case is one requiring relief of such a nature that the Surrogate's Court is not competent to grant it, or some reason assigned or facts stated, to show that complete justice cannot be done in that court ' (*Sanders* v. *Soutter*, 126 N. Y. 193. See, also, *Lawrence* v. *Littlefield*, 215 N. Y. 561.) ''

The reason advanced by the surrogate for not retaining jurisdiction may be founded in the following excerpt from his opinion: '' But here the partition of the property can only be decreed by the Supreme Court. The questions of accounting and construction are so closely connected with the right to a judicial sale of the real property, and incidental to a proper judgment, that it would appear to the benefit of those interested in the estate that all the issues should be disposed of in one forum. Under these circumstances, the surrogate cannot assume jurisdiction, and the application will be denied.''

Evidently it was not then pointed out that the plaintiff had no capacity to sue, for the reason that she could not bring an action in a representative capacity to partition real estate. (Civ. Prac. Act, §§ 1014, 1018; *Pattison* v. *Cusack*, 147 App. Div. 428, 432.)

When the plaintiff realized that the action could not be maintained as an action in partition, it was then contended that the action in any event was to secure a construction of the will and that the Supreme Court should retain jurisdiction for that purpose.

It is also argued that even though the plaintiff has not the capacity to maintain a partition action, two of the defendants have answered and asked for a partition of the real property. This motion, however, must be decided upon the complaint.

We are of the opinion that this entire matter should be disposed of in the Surrogate's Court in the accounting proceeding, where, if necessary, the will may be construed, thus avoiding a multiplicity of suits.

In *Ungrich* v. *Ball* (*supra*) Mr. Justice McLAUGHLIN very aptly remarked, in passing upon a similar case: " It is, to say the least, a novel proposition that successive actions can be brought in the Supreme Court to construe the same will, or that when a construction has once been had in that court that another action can be brought to construe the judgment. If such practice were permitted it is not difficult to imagine that a whole estate, no matter how large, might be entirely exhausted by the payment of costs, attorneys' and counsel fees."

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SMITH, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.